IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

CHRISTOPHER WILLIAM )
MCADAMS, HZ-9364, )
    Petitioner, )
)
    v. ) 2:15-cv-798
)
COM. OF PENNSYLVANIA, et al., )
    Respondents. )

REPORT and RECOMMENDATION

I. Recommendation:

It is respectfully recommended that the petition of Christopher William McAdams for a writ of habeas corpus (ECF No.5) be dismissed and because reasonable jurists could not conclude that a basis for appeal exists, that a certificate of appealability be denied.

II. Report:

Christopher William McAdams an inmate at the State Correctional Institution at Albion has presented a petition for a writ of habeas corpus which he has been granted leave to prosecute in forma pauperis.

McAdams is presently serving a four (4) to ten (10) year sentence imposed following his conviction upon a plea of guilty to charges of sexual assault and statutory sexual assault in the Court of Common Pleas of Indiana County, Pennsylvania. This sentence was imposed on April 9, 2009 with an effective minimum date of April 7, 2012 and a maximum date of April 7, 2018.[1] It is neither this conviction nor the imposed sentence which he seeks to challenge here, but rather the revocation of his parole.

On April 4, 2012, petitioner was approved for parole;[2] the conditions of parole were modified on April 17, 2012[3] and on June 24, 2012 he was released from custody.[4] On November

---

[1] See: Exhibit A to the response, the declaration of Kimberly Barkley, the Board Secretary for the Pennsylvania Board of Probation and Parole, and Attachment 1 thereto.
[2] Id. at Attachment 3.
[3] Id. at Attachment 4.

1

1, 2012, the Board issued a warrant to commit and detain McAdams as a result of his having a relationship with a person having a minor child and having contact with that minor child.[5] Following the waiver of a preliminary hearing[6] McAdams was recommitted as a technical parole violator on December 14, 2012.[7] No appeal was pursued.

On September 27, 2013, McAdams was denied reparole due to his need for further institutional programs, his institutional behavior, Department of Corrections recommendations and his prior unsatisfactory parole history.[8] No appeal was pursued. Parole was again denied on June 3, 2014.[9] On June 19, 2014, McAdams requested an administrative appeal[10] and his request was rejected on July 29, 2014 on the basis that an administrative review does not lie from the denial of parole.[11] On February 18, 2015 parole release was again denied on the grounds of petitioner's negative risk and needs assessments, the negative recommendation of the Department of Corrections, his prior unsatisfactory parole history and his failure to demonstrate motivation for success.[12] No appeal was pursued.

The petitioner now comes before this Court seeking relief and in support thereof alleges that the claim that he failed to maintain employment while on parole is not true, since he left a lower paying job to work exclusively at a better payment job; that the allegation that he took his "partner's" minor son to the hospital while true arose from a call from the child's custodial grandparents saying that the child was ill and should go to the hospital but at that time his partner did not have a car, and that following the short hospital visit he returned the child to the grandparents; that this was the one occasion when he had contact with a minor and he was never alone with the child; that the claim that he had "an intimate relationship with a partner who had a minor child" was inaccurate since he had married his partner in July 2011 while incarcerated; that he subsequently learned that this marriage was invalid since his partner had not been legally divorced but she does not have custody of the child; that he had no contact with his own son and that

---

[4] Id at Attachment 5.
[5] Id. at Attachments 6 and 7.
[6] Id. at Attachment 9.
[7] Id. at Attachment 11.
[8] Id at Attachment 12.
[9] Id. at Attachment 13.
[10] Id. at Attachment 14.
[11] Id. at Attachment 15.
[12] Id. at Attachment 16.

> I am being denied parole because of my relationship with the woman who I
> consider to be my wife, and who I actually married in prison. Despite the fact that
> she has supported me wholeheartedly throughout my imprisonment and parole it
> is being deemed an "unhealthy relationship" and the Department of Corrections
> repeatedly give[s] negative recommendations to the Parole Board despite the fact
> that I have successfully completed all required classes and programs…[13]

In opposition to the petition, the respondents contend that the instant petition is barred in that McAdams failed to appeal any of the parole denials although noting that a parole denial occurred on June 3, 2014 but that instead of appealing to the courts, the petitioner elected to file an unauthorized administrative appeal. Finally, parole was again denied on February 18, 2015 as a result of petitioner's risk and needs assessments, the negative recommendation of the Department of Corrections; his prior unsatisfactory parole history, his failure to demonstrate motivation for success and his continued contact and visitation with his partner. For this reason, it is alleged that McAdams has failed to exhaust his state court remedies which are now procedurally defaulted in the state courts.

It is provided in 28 U.S.C. §2254(b) that:

> An application for a writ of habeas corpus in behalf of a person in custody
> pursuant to the judgment of a State court shall not be granted unless it appears
> that the applicant has exhausted the remedies available in the courts of the State,
> or that there is either an absence of available State corrective process or the
> existence of circumstances rendering such process ineffective to protect the rights
> of the prisoner.

This statute represents a codification of the well-established concept which requires that before a federal court will review any allegations raised by a state prisoner, those allegations must first be presented to that state's highest court for consideration. Preiser v. Rodriguez, 411 U.S. 475 (1973); Braden v. 30th Judicial Circuit Court of Kentucky, 410 U.S. 484 (1973); Doctor v. Walters, 96 F.3d 675 (3d Cir. 1996).

It is only when a petitioner has demonstrated that the available corrective process would be ineffective or futile that the exhaustion requirement will not be imposed. Preiser v. Rodriguez, supra.; Walker v. Vaughn, 53 F.3d 609 (3d Cir. 1995).

---

[13] See: Petition at p.7.

If it appears that there are available state court remedies, the court must determine whether a procedural default has occurred. If a procedural default has occurred, the court must determine whether cause or prejudice exists for the default, or whether a fundamental miscarriage of justice would result from a failure to consider the claims. Carter v. Vaughn, 62 F.3d 591 (3d Cir. 1995).

In Coleman v. Thompson, 501 U.S. 722,750 (1991), the Court held:

> In all cases in which a state prisoner has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claim will result in a fundamental miscarriage of justice.

Because no such showing is made here, the petitioner has failed to avail himself of the available state court remedies and no further consideration of the petition is warranted here.

However, even if not procedurally barred, the relevant Pennsylvania statute, 61 Pa.C.S.A.§ 6137 does not create a mandatory expectation of release but rather has been determined to be a matter of grace. Rogers v. Pennsylvania Board of Probation and Parole, 555 Pa. 285 (1999). In the absence of a state mandated right of parole, parole is a matter of mere possibility and does not invoke a federally protected liberty interest. Kentucky Department of Corrections v. Thompson, 490 U.S. 455 (1989). In Connecticut v. Dumschat, 452 U.S. 458 (1981), the Court recognized that where there is no liberty interest created, there is no constitutional basis for relief. Since federal habeas corpus relief is premised on violations of constitutional proportion, no such factors exist here since the reasons for denying parole were based on the plaintiff's past conduct both inside and outside the institution and not on some arbitrary basis such as "race, religion, political beliefs, or ... frivolous criteria with no rational relationship to the purpose of parole such as the color of one's eyes, the school one attended, or the style of one's clothing." Block v. Potter, 631 F.2d 233, 235 (3d Cir.1980).

In Coady v. Vaughn, 251 F.3d 480,487 (3d Cir.2001), the Court observed that "federal courts are not authorized by the due process clause to second-guess parole boards and the requirements of substantive due process are met if there is some basis for the challenged decision." As discussed above, although the petitioner disagrees. he has failed to demonstrate

4

any arbitrariness or capriciousness in the Board's determination but rather the record reflects that in fulfilling its charge the Board concluded that the petitioner was not a suitable candidate for parole for the reasons set forth. Indeed, the mandate of the Board is that parole *may* be granted where the best interests of the inmate justify release and it does not appear that the Commonwealth's interests would be injured by such release. 61 Pa.C.S.A. §6137(a).

Because the Board's actions were not arbitrary or capricious but rather soundly grounded in its mandate, this decision does not misapply federal law as determined by the United States Supreme Court nor involve an unreasonable application of the Court's determinations and petitioner is not entitled to relief here.

Accordingly, it is recommended that the petition of Christopher William McAdams for a writ of habeas corpus (ECF No.5) be dismissed, and because reasonable jurists could not conclude that a basis for appeal exists, that a certificate of appealability be denied.

Litigants who seek to challenge this Report and Recommendation must seek review by the district judge by filing objections within fourteen (14) days of this date and mailing them to United States District Court, 700 Grant Street, Pittsburgh PA 15219-1957. Failure to file timely objections will waive the right to appeal.

Respectfully submitted,
s/ Robert C. Mitchell

Filed: September 17, 2015

United States Magistrate Judge